# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN SCHEDLER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FIELDTURF USA, INC.**, a foreign corporation, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-0344-PK<br><br>**OPINION AND ORDER** |

David A. Schuck and Leslie E. Baze, SCHUCK LAW, LLC, 9208 NE Highway 99, #107-84, Vancouver, WA 98665. Of Attorneys for Plaintiff.

Paul E. Loving and Jeremy N. Pyle, THE CONSUL GROUP, 1706 NW 24th Avenue, Portland OR 97210. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

On May 17, 2017, U.S. Magistrate Judge Paul Papak issued an Opinion and Order in this case resolving Defendant's "Motion to Determine Applicable Law." ECF 53. Judge Papak explained that because the Federal Rules of Civil Procedure do not expressly provide for a motion so styled, he would treat the motion like one for partial summary judgment. Specifically, he would resolve the issue of which law governs, but in doing so would consider the facts in the light most favorable to the non-moving party. Judge Papak, however, did not handle the motion as he would have handled a true "dispositive" motion because his ruling would not resolve (or

PAGE 1 – OPINION AND ORDER

dispose of) any party's claim or defense. *See* Fed. R. Civ. P. 72(a) ("Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."). Because Judge Papak did not treat Defendant's motion as dispositive, he issued an Opinion and Order, rather than Findings and Recommendation. This affects the proper standard of review to be applied by a district judge when reviewing objections to a magistrate judge's ruling.

Federal law permits a magistrate judge in a civil action "to hear and determine *any pretrial matter* pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A) (emphasis added). When a magistrate judge decides a matter under this subparagraph (A), the magistrate's order may be reconsidered by a district judge if the order is "clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a); LR 72-1.

Continuing in the context of a civil action, a district judge also may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for the disposition of any matter contained within the exceptions listed in subparagraph (A). 28 U.S.C. § 636(b)(1)(B). Among these exceptions are motions for summary judgment. If any party serves timely written objections to any such proposed findings and recommendations, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

After Judge Papak issued his Opinion and Order on Defendant's Motion to Determine Applicable Law, Defendants filed objections. The parties then participated in a telephone conference with Judge Papak, after which Defendants withdrew their objections and filed an appeal of the Opinion and Order. Defendants argue that because Judge Papak treated the motion as one for partial summary judgment, he should have issued Findings and Recommendation, thereby requiring this Court to conduct a *de novo* review of any portions to which objections had been timely filed. Defendants further argue that even if this Court were to apply a standard of "clear error," which is the applicable standard for rulings on nondispositive matters, Judge Papak's conclusion that Oregon law, rather than Washington law, applies should be rejected.

Although Judge Papak treated Defendants' motion as seeking partial summary judgment, the motion is not a dispositive motion because it does not resolve (or dispose of) any party's claim or defense. *See* Fed. R. Civ. P. 72(a). Perhaps one could consider the motion as seeking summary judgment on part of a claim. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought.") (emphasis added). This, however, does not seem to be the best analogy either because this Court typically considers a part of a claim or defense to refer to an element of a claim or defense. Thus, a motion asking a magistrate judge to resolve which law governs outside of a motion to dismiss for failure to state a claim or a motion for summary judgment, in which such a question normally would be resolved, is to some extent *sui generis*.

In any event, Defendants' reliance on the label given by Judge Papak is unhelpful. Because the motion is not dispositive, the proper standard of review is clear error, not *de novo*. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Regardless, because the Court ultimately

PAGE 3 – OPINION AND ORDER

agrees with Judge Papak that Oregon law applies to Plaintiff's claim no matter what standard of review the Court applies, the Court will conduct a *de novo* review on the specific issues requested by Defendants.

## STANDARDS

"Federal courts sitting in diversity look to the law of the forum state—here, [Oregon]—when making choice of law determinations." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014). Oregon has codified its choice of law rules in Oregon Revised Statutes ("ORS") §§ 15.300 to 15.460. Oregon's choice of law analysis differs depending on whether the claim is a contractual claim or a noncontractual claim. Contractual claims are governed by ORS §§ 15.300 to 15.380, while noncontractual claims are governed by ORS §§ 15.400 to 15.460.

## BACKGROUND

The Court adopts the factual background as set out in Judge Papak's Opinion and Order. Briefly, on February 7, 2012, Plaintiff and Defendant FieldTurf entered into a written employment contract in Tualatin, Oregon. At that time, Plaintiff was a resident of Oregon. The employment agreement provided that Plaintiff would perform his duties initially from Tualatin, Oregon and could then perform his duties from another approved location, and that his job would require him to travel. The employment agreement also provided that it would be governed by Oregon law, except as to choice of law, and that any disputes must be decided by a state or federal court in Portland, Oregon. The agreement further defined confidential information pursuant to the Oregon Uniform Trade Secrets Act.

On October 9, 2013, Plaintiff moved his personal residence to Spokane Valley, Washington. He requested that Oregon income tax no longer be withheld from his paychecks. He then began using his Washington address in the signature block of his work email. Plaintiff nonetheless testified that he continued to consider the Tualatin, Oregon office of FieldTurf as the

PAGE 4 – OPINION AND ORDER

"office from which he officially worked" and believed his base of employment remained Oregon. He continued to receive business mail at the Tualatin office, continued to show that office address on his business cards, and that was the office stated on his resume that went to potential clients in bid packages. He went to the Tualatin office approximately once a month to perform work there and remained in regular contact with personnel in that office. Most of his business telephone calls, however, were made from his Washington residence.

## DISCUSSION

Plaintiff asserts that Oregon law applies to his claim. Defendants contend that Washington law applies. The parties no longer dispute that there is a material conflict between Oregon and Washington law. *See* ECF 66 at 24, 32. Nor do the parties dispute that if Plaintiff's claim is considered a contract claim under Oregon's choice of law analysis, then Oregon law would apply. The remaining issues about which Defendants seek *de novo* review are: (1) Defendants' argument that Plaintiff's claim is noncontractual and that under Oregon's choice of law analysis for such claims, Washington law applies; and (2) Defendants' alternative argument that if Oregon law were to apply to the conduct at issue that would result in a violation of the dormant commerce clause of the U.S. Constitution.

### A. Oregon's Noncontractual Choice of Law Analysis

Oregon's choice of law analysis for noncontracutal claims begins with the consideration of certain specific statutory provisions. Only if none of these provisions are dispositive should a court apply the "general and residual" rules set forth in ORS § 15.440 and ORS § 15.445.

#### 1. ORS § 15.430(6)

Plaintiff argues that Oregon law applies to his claim because Oregon law applies to noncontractual claims "between an employer and an employee who is primarily employed in Oregon that arise out of an injury that occurs in Oregon." ORS § 15.430(6). Plaintiff's alleged

PAGE 5 – OPINION AND ORDER

injury, however, is that his final paycheck did not include all of the amounts that he contends was due and owing. Plaintiff's final paycheck was issued by FieldTurf from its offices in Montreal, Canada. It was paid to Plaintiff while he was a resident of Washington. Further, on the specific date of the alleged injury, Plaintiff was in Colorado. For all of these reasons, the injury did not occur in Oregon. Thus, ORS § 15.430(6) does not apply to Plaintiff's claims.

## 2. ORS § 15.445

The parties agree that none of the specific provisions of ORS § 15.440 applies. Thus, the next step in determining whether Oregon or Washington law applies is to consider the "general and residual" rules of ORS § 15.445. That statute provides, in relevant part:

> [T]he rights and liabilities of the parties with regard to disputed issues in a noncontractual claim are governed by the law of the state whose contacts with the parties and the dispute and whose policies on the disputed issues make application of the state's law the most appropriate for those issues. The most appropriate law is determined by:
>
> (1) Identifying the states that have a relevant contact with the dispute, such as the place of the injurious conduct, the place of the resulting injury, the domicile, habitual residence or pertinent place of business of each person, or the place in which the relationship between the parties was centered;
>
> (2) Identifying the policies embodied in the laws of these states on the disputed issues; and
>
> (3) Evaluating the relative strength and pertinence of these policies with due regard to:
>
> (a) The policies of encouraging responsible conduct, deterring injurious conduct and providing adequate remedies for the conduct; and
>
> (b) The needs and policies of the interstate and international systems, including the policy of minimizing adverse effects on strongly held policies of other states.

ORS § 15.445. In addition, "[w]hen evaluating contacts, [courts] look to those that show that the state has some interest in having its law apply to the dispute." *Manz v. Contintental Am. Life. Ins. Co.*, 117 Or. App. 78, 83, *adh'd to as modified on recon.*, 119 Or. App. 31 (1992) (considering contacts in a contract case, pre-codification of Oregon's choice of law rules).

Considering the first factor, both states have relevant contacts. Washington is where Plaintiff resides and where he performed some of his employment services. Oregon is where Defendants have a business office, where FieldTurf entered into the employment relationship with Plaintiff, where Plaintiff resided when he entered into the employment relationship, and where Plaintiff performed some of his employment services.

Considering the second and third factors, Oregon has substantial policies relevant to the pending dispute. Oregon has expressed in its wage-and-hour laws a strong public policy interest in the full and timely payment of employee wages generally and upon termination. Importantly, Oregon has specifically defined "employee" in ORS § 652.310(2) to include a person who renders services *partly* in the state as long as "the contract of employment of the employee has been entered into, or payments thereunder are ordinarily made or to be made, within this state." Plaintiff fits within this definition because he rendered employment services partly in Oregon and his employment contract was entered into in the state of Oregon. The fact that Oregon broadly defines an "employee" under its wage-and-hour statute demonstrates the state's strong interest that its wage-and-hour laws apply to persons such as Plaintiff.

Defendants argue that Washington also has a statutory framework governing employment claims and an interest in its employees' rights. Defendants, however, do not cite to any Washington statute under which Plaintiff would qualify as a Washington "employee." Regardless, assuming, *arguendo*, that Plaintiff would qualify as a Washington employee and that

Washington does have a substantial interest in this case, Oregon's interest is not clearly *less* than Washington's. When both states have a substantial interest, Oregon law applies. *See Lilienthal v. Kaufman*, 239 Or. 1, 16 (1964) ("The interests of neither jurisdiction are clearly more important than those of the other. We are of the opinion that in such a case the public policy of Oregon should prevail and the law of Oregon should be applied; we should apply that choice-of-law rule which will 'advance the policies or interests of' Oregon"); *St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting Co.*, 126 Or. App. 689, 697, *modified on recon. on other grounds*, 128 Or. App. 234 (1994), *aff'd in part, rev'd in part on other grounds*, 324 Or. 184 (1996) (nothing that where Oregon's interest is "not less" than that of the other state, "the public policy of Oregon should prevail"); *Straight Grain Builders v. Track N' Trail*, 93 Or. App. 86, 92 (1988) (concluding that "when Oregon has an important fundamental interest in the transaction, the public policy of Oregon should prevail when the interests of neither jurisdiction are clearly more important than those of the other"). Although these cases were decided before Oregon codified its choice-of-law rules, the Court does not believe that their underlying reasoning on this point has been undermined by Oregon's statutory framework for choice of law analysis.

The Court has considered the factors set forth in ORS § 15.445. Oregon has meaningful contacts with the parties and the dispute. Additionally, Plaintiff qualifies as an Oregon "employee" under ORS § 652.310(2), Oregon has substantial policies embedded in its laws on the disputed issues of this case, and those policies are strong and directly relevant to this case. Accordingly, the Court finds that Oregon law applies to this dispute.

**B. Defendants' Constitutional Argument**

Defendants argue that applying Oregon law in this case would violate the U.S. Constitution's prohibition against the extraterritorial application of state laws. Specifically, Defendants argue that the "dormant" commerce clause "precludes the application of a state

statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State." *Healy v. Beer Inst.*, 491 U.S. 324, 336 (1989). Defendants assert that applying Oregon's wage-and-hour law to this case would be regulating conduct that occurred wholly out of the state of Oregon, because there is "no connection" to Oregon under the facts of this case.

In support of their position, Defendants rely on district court cases involving employees who performed work out of state. Here, however, part of Plaintiff's employment services were performed in the state of Oregon. Although much of his work was performed out of state, from Washington or while travelling, he testified that he performed services from the Tualatin offices approximately once a month. Defendants do not challenge this point, and it is undisputed that Plaintiff performed some of his employment duties in Oregon. Thus, Plaintiff's conduct was not "wholly outside of the State's borders," is not "extraterritorial," and applying Oregon's wage-and-hour law does not violate the U.S. Constitution. Indeed, if Plaintiff's conduct were wholly outside of Oregon, Plaintiff would not qualify as an Oregon employee under ORS § 652.310(2), which requires that employment services be performed, at least in part, in Oregon.

## CONCLUSION

Defendants' appeal of Magistrate Papak's Opinion and Order (ECF 60) is resolved as set forth herein. This Court concludes that Oregon law applies to Plaintiff's claim.

**IT IS SO ORDERED**.

DATED this 9th day of August, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 9 – OPINION AND ORDER