# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN SCHEDLER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FIELDTURF USA, INC.**, a foreign corporation, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-0344-PK<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

David A. Schuck and Leslie E. Baze, SCHUCK LAW, LLC, 9208 NE Highway 99, #107-84, Vancouver, WA 98665. Of Attorneys for Plaintiff.

Paul E. Loving and Jeremy N. Pyle, THE CONSUL GROUP, 1706 NW 24th Avenue, Portland OR 97210. Of Attorneys for Defendants.

  United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on October 16, 2017. ECF 82. Judge Papak recommended that Defendants' motion to certify this Court's Order relating to choice of law for interlocutory appeal or, in the alternative, to certify the underlying questions of law to the Oregon Supreme Court be denied.

  Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants filed an objection to the Findings and Recommendation. ECF 86. Plaintiff responded to Defendants' objections. ECF 88. Defendants argue that the Court should review the Findings and Recommendation *de novo* and Plaintiff argues that the Court should review it for clear error. Because the Court's conclusion would be the same under either review, the Court will review the issues *de novo*. The Court adopts the Legal Standards and Material Facts section of the Findings and Recommendation.

## DISCUSSION

### A. Interlocutory Appeal

A court may certify an issue for interlocutory appeal if three requirements are met: (1) "a controlling question of law" must be present; (2) there must be a "substantial ground for

§ 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants filed an objection to the Findings and Recommendation. ECF 86. Plaintiff responded to Defendants' objections. ECF 88. Defendants argue that the Court should review the Findings and Recommendation *de novo* and Plaintiff argues that the Court should review it for clear error. Because the Court's conclusion would be the same under either review, the Court will review the issues *de novo*. The Court adopts the Legal Standards and Material Facts section of the Findings and Recommendation.

## DISCUSSION

### A. Interlocutory Appeal

A court may certify an issue for interlocutory appeal if three requirements are met: (1) "a controlling question of law" must be present; (2) there must be a "substantial ground for

difference of opinion" as to the controlling question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). Such certification should only be granted "in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Defendants argue that all three elements are met in this case and that the Findings and Recommendation erred in finding that all three elements are not met.

### 1. Controlling question of law

Defendants argue that choice of law is a controlling question of law in this case. Defendants primarily rely on *United States v. Woodbury*, which noted that a controlling question of law must involve a "fundamental" determination. 263 F.2d 784, 787 (9th Cir. 1959). The court in *Woodbury* gave as one of several examples of such fundamental determinations a case holding that the rights of the United States would be determined by state instead of federal law and that choice-of-law determination resulted in the denial of an application for receivership that would otherwise have been granted and "might also have led to other results seriously affecting the relief otherwise available to the government." *Id.*

Defendants also cite to *Hoffman v. Citibank (South Dakota) N.A.*, in which the Ninth Circuit granted interlocutory appeal on the district court's choice-of-law determination to apply South Dakota law instead of California law, when that determination resulted in the district court compelling arbitration. 546 F.3d 1078 (9th Cir. 2008). They also cite to *Phillips v. Amoco Trinidad Oil Co.*, in which the Ninth Circuit reviewed on interlocutory appeal the district court's choice-of-law determination to apply the law of Trinidad instead of the United States (the Jones Act) for the tort claims of Trinidad citizens who were injured while working on an American vessel. 632 F.2d 82 (9th Cir. 1980). Finally, Defendants cite to *Schoenberg v. Exportadora de*

PAGE 3 – OPINION AND ORDER

*Sal, SA de CV*, 930 F.2d 777 (9th Cir. 1991). In this case the Ninth Circuit reviewed on interlocutory appeal (consolidated with an interlocutory appeal of the denial of a motion to dismiss brought on grounds of foreign sovereign immunity) the district court's determination that California law applied instead of Mexican law for personal injury claims arising out of a plane crash. Mexico law would limit damages and California law did not limit damages. *Id.* at 782. None of these cases expressly analyzed whether or under what circumstances choice-of-law was a controlling issue of law for purposes of an interlocutory appeal, but by considering choice of law on interlocutory appeal, implicitly so found.

Although there are circumstances, such as in the cases cited by Defendants, where a choice of law determination is so fundamental that it is considered controlling for purposes of § 1292(b), this case does not involve one of those situations. Unlike where choice of law results in arbitration being compelled, the appointment or denial of a receiver, or other major substantive rights being altered (such as the ability to bring personal injury tort claims or to assert unlimited damages versus capped damages), here the differences between Washington and Oregon wage and hour laws are not substantial enough to make the choice of law determination "fundamental" and thus controlling. *See, e.g.*, ECF 88 at 10 (citing cases). The Court also agrees with Judge Papak that the choice of law issue does not involve a question of "pure law" but instead requires a detailed analysis of the factual record.

**2. Substantial ground for difference of opinion**

Defendants assert that the choice of law question in this case is a novel and difficult question of first impression and thus there is substantial ground for a difference of opinion. This argument is partially based on a misunderstanding of the Court's Opinion and Order.

Defendants argue that the Court "relied" on pre-codification cases in determining that Oregon law governs this case. The Court, however, followed Oregon Revised Statutes § 15.445.

PAGE 4 – OPINION AND ORDER

Step one of the statute is to identify states with relevant contacts, and the Court identified Washington and Oregon. *Schedler v. FieldTurf USA, Inc.*, 2017 WL 3412205, at *3 (D. Or. Aug. 9, 2017). Step two is to identify the policies embodied in those states on the disputed issues, and step three is to "evaluate the relative strength and pertinence" of each state's policies. Or. Rev. Stat. § 15.445(2)-(3). The Court performed a combined analysis of steps two and three. *Schedler*, 2017 WL 3412205, at *3-4. The Court identified Oregon's wage-and-hour policies and emphasized that Plaintiff meets Oregon's definition of an "employee." *Id.* The Court noted that although Defendants assert that Washington has relevant policies protecting *employees*, Defendants provide no authority that Plaintiff qualifies as an employee under Washington law (whereas Plaintiff does qualify as an employee under Oregon law). *Id.* at *4. The Court then stated: "Regardless, assuming, *arguendo*, that Plaintiff would qualify as a Washington employee and that Washington does have a substantial interest in this case, Oregon's interest is not clearly *less* than Washington's." *Id.* (emphasis in original). To support this conclusion under these alternative factual assumptions, the Court cited several pre-codification cases, which Defendants assert was erroneous.

The Court's choice-of-law determination was not novel or an issue of first impression. The Court followed the statutory steps. Without authority that Plaintiff was an employee under Washington law, there was no legitimate question regarding choice of law. It was only under the Court's alternative assumption that Plaintiff could be considered an employee under Washington law that the § 15.445(3) analysis of evaluating the relative strength of Washington and Oregon's policies, and the Court's citation to pre-codification case law, became relevant.

Even for this aspect of the Court's Opinion and Order, however, the Court does not find grounds for a substantial difference of opinion. Defendants try to frame the question broadly as

whether pre-codification case law is at all relevant to post-codification choice of law analysis. But the issue for which these cases were cited is much narrower. Section 15.445(3) instructs courts to evaluate the relative strength of the policies of the relevant states. Although the term has changed from "interest" to "relative strength," the underlying principle from the cited pre-codification cases is the same—courts must still weigh one state against the other. There is no indication (and Defendants point to no authority so indicating) that where, all other factors being the same, both states have an equal interest (or equal "strength") in the case, Oregon's policy of having its interest (or strength) prevail has changed. Nor do Defendants posit a different method for determining which state's choice of law should prevail when both states' interests are equal.[1]

Moreover, even if no court has yet to specifically address how to weigh competing state's interests for noncontractual claims under Section 15.445(3), that would not necessarily make the case appropriate for interlocutory appeal. *Couch v. Telescope, Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) ("It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.'" (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996))); 3 Fed. Proc., Lawyers Ed. 3:218 (2010) (noting that "just because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal"). Interlocutory appeal is for "extraordinary cases," not "merely to provide review of difficult rulings in hard cases." *U.S. Rubber*, 359 F.2d at 785; *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (noting that certification is appropriate only

---

[1] Regardless, the Court did not conclude that Washington and Oregon's interests were equal and thus Defendants' concerns are an academic exercise. *See Schedler*, 2017 WL 3412205, at *4 (reiterating in the choice-of-law holding that Plaintiff is an employee under Oregon law, that Oregon has substantial policies relating to the disputed issues in the case, and that those policies are strong and directly relevant).

in "rare circumstances"). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James*, 283 F.3d at 1068 n.6.

### 3. Materially advance the litigation

The Court agrees with Judge Papak that certification for interlocutory appeal will not materially advance the litigation and adopts this portion of the Findings and Recommendation. *See also* ECF 88 at 18-20 (citing cases).

## B. Certification to Oregon Supreme Court

Defendants also object that the Findings and Recommendation erroneously concluded that the questions proposed to be certified to the Oregon Supreme Court would not be determinative of any of Plaintiff's claims in their entirety. Defendants argue that Judge Papak placed a higher burden than is required by the Oregon Supreme Court. Defendants assert that the Oregon Supreme Court only requires that the questions proposed *may* be determinative of the cause or have the *potential* to be determinative of a claim. Defendants argue that the "determinative" element of the certification test is substantively similar to the first element of § 1292(b) certification , and thus for the same reasons this case meets that prong, it meets this element.

As discussed above, the Court (and Judge Papak) has found that this case does not meet the first element of the § 1292(b) test (that the issue is a controlling issue of law, meaning that it involves a determination that is fundamental to the outcome of the case). Similarly, as Judge Papak found, the questions presented do not have the potential to be determinative of any claim asserted by Plaintiff. Plaintiff asserts one claim for relief—that he was not timely paid all he was owed upon discharge. He claims that Defendants owe him more than $100,000 in unpaid wages. Plaintiff also seeks statutory penalties, interest, and attorney's fees. If Defendants were to

PAGE 7 – OPINION AND ORDER

have their questions certified and the answers to the certified questions were to result in Washington law being applied, that might result in Plaintiff not being able to claim certain statutory penalties. This is because Plaintiff's final paycheck would not be considered as "paid late" under Washington law, but is considered "paid late" under Oregon law. Whether Plaintiff is entitled to those specific statutory penalties, however, does not resolve Plaintiff's basic claim for relief. Plaintiff's claim that he was not timely paid all of the amounts owed to him upon discharge would still remain because the more than $100,000 that he claims he was owed is unrelated to Oregon's statutory requirement that final checks be paid within one day of termination.

## CONCLUSION

The Court ADOPTS IN PART the Findings and Recommendation (ECF 82), as discussed and supplemented herein. Defendants' Motion to Certify Order for Interlocutory Appeal or in Alternative Certify Questions or in the Alternative Certify Questions of Law to the Oregon Supreme Court (ECF 70) is DENIED.

**IT IS SO ORDERED.**

DATED this 17th day of January, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge