**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**Leslie E. Baze**, OSB 103326, WSB 45781
E-Mail: lbaze@wageclaim.org
**SCHUCK LAW, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763
    Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN SCHEDLER**, an individual,<br><br>               **Plaintiff**,<br><br>    v.<br><br>**FIELDTURF USA INC.,** a foreign corporation; **TARKETT SPORTS USA INC.,** a foreign corporation; **and BEYNON SPORTS SURFACES INC.,** a foreign corporation,<br><br>               **Defendants**. | Case No. 3:16-cv-00344-JR<br><br>**OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**Oral Argument Requested** |

Pursuant to 28 USC 636 and FRCP 72, Plaintiff objects to the Order denying his Motion for Sanctions, Dkt. #118. Plaintiff asks for *de novo* review and that the Court strike Defendants' counterclaims for failure to produce a statement of damages as required by FRCP 26.

## BACKGROUND FACTS

Plaintiff sued for wages. Defendants counterclaim for computer fraud, trespass to chattels, conversion, breach of fiduciary duty, and breach of contract. Initial disclosures were due over two years ago. Instead of computations, Defendants' disclosures state only: "[t]he precise method of computation of defendants' damages arising out of these claims will be disclosed pursuant to the parties' obligations to provide expert disclosures. Defendants have

documentation of expenses paid for ownership costs associated with the company vehicle related to defendants' trespass to chattels claim." Dkt. #100-1 (Def. Init. Discl.).

Plaintiff repeatedly requested the statement of damages. *See* Dkt. #100-2, pgs. 1, 10-11, 14, & 21 (counsels' emails). Defendants ignored the requests. Plaintiff served an Interrogatory for damages information; Defendants objected and refused to give substantive response. Dkt. #100-3, pgs. 4-5 (Def. Rsp. Pl. Interrog.). Even ***after*** the expert deadline passed, they repeated: "the precise method of computation of Defendants' damages arising out of their counterclaims will be disclosed pursuant to the parties' obligations to provide expert disclosures. Otherwise, Defendants have produced documentation of expenses paid for ownership costs associated with the company vehicle." *Id.* Plaintiff's counsel reminded their counsel that expert discovery was closed. Dkt. #100-2, pgs. 21-22. Defendants did not supplement and produced no experts.

## LEGAL STANDARD

"The interpretation of a Federal Rule of Civil Procedure is . . . a question of law reviewed de novo." *R&R Sails v. Ins. Co. of PA,* 673 F3d 1240, 1245 (9th Cir 2012), *quoting Mann v. Am. Airlines,* 324 F3d 1088 (9th Cir 2003). FRCP 26(a)(1)(A)(iii) requires "a computation of each category of damages claimed." FRCP 26(e)(1)(A) requires timely supplementation. Finally, FRCP 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Const. Protective Svcs. Inc.,* 541 F3d 1175, 1179 (9th Cir 2008), *quoting Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F3d 1101, 1106 (9th Cir 2001).

Under FRCP 37, "undisclosed evidence is excluded unless the failure to disclose was substantially justified or harmless." *Hoffman, supra, citing Yeti, supra.* "Multiple courts within the Ninth Circuit have found that the failure to provide a computation of damages or identify the

witness who will testify regarding damages within the discovery period is not harmless for purposes of Rule 37(c) precisely because it results in the need to reopen discovery." *Dayton Vlly. Inv. LLC v. Union Pac. RR Co.*, 2:08-CV-127, 2010WL3829219, at *6 (D NV 9/24/2010).

Dismissal, while harsh, is appropriate under FRCP 37(c). Unproduced evidence is excluded "even when a litigant's entire cause of action or defense [is thus] precluded." *Yeti, supra*, *and see Local Access LLC v. Peerless Ntwk.*, 6:14-cv-399 (MD FL 3/10/2017), *adh'd on recon* (for failure to make disclosures, and citing party's "haphazard damages disclosures on the eve of the discovery cut-off [ ] to demonstrate that [its] failure to provide initial disclosures several months earlier was neither substantially justified nor harmless," court excluded damages evidence and granted summary judgment against offender); *Popovic v. Spinogatti,* CV-15-00357 (D AZ 5/17/2016) (unpub.) (where party gave "general descriptions of damages devoid of any detail," producing documents alone "does not constitute compliance with Rule 26(a)(1)'s requirement to disclose a computation of each category of damages claimed"; Court excluded the evidence and entered summary judgment against offender); *Eldridge v. Gordon Bros.,* 08-11254 (D MA 3/18/2016) at *42-45 (where parties "struggled over discovery for approximately two years" and one did not provide damage calculations or specific theory of recovery until after discovery closed, the FRCP 26 violation is "systematic and continuing," damages evidence is excluded, and offender's claim is dismissed); *Payne v. N Tool & Equip. Co.,* 2:13-CV-109 (ND IN 2/9/2015) (dismissal is the only appropriate sanction where party failed to provide statement of damages in violation of order requiring discovery completion by date certain); *Bonnell v. FirstMerit Bank NA,* 13-13589 (ED MI 10/31/2014) at *12-15 (where party failed to provide computation of damages in initial disclosures and interrogatory responses, the failure is highly prejudicial, that party cannot seek money damages, and its claim is dismissed); *City of Aurora v.*

*PS Sys. Inc.,* 720 FSupp2d 1243, 1261-1263 (D CO 2010) (where party failed to disclose theory of damages on which it tried to proceed to trial, its claim is dismissed).

In the Ninth Circuit, "disobedient conduct not shown to be outside the control of the litigant" justifies dismissal. *Henry v. Gill Indus.,* 983 F2d 943, 948-949 (9th Cir 1993). The crucial factors are prejudice to the party seeking sanctions and the availability of lesser sanctions. *Id.* at 948.[1] A party "suffers prejudice if the [other party's] actions impair [that party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* Failure to produce as ordered is sufficient prejudice. *Payne v. Exxon Corp.,* 121 F3d 503, 508 (9th Cir 1997).

It is irrelevant that a party could have deposed witnesses about damages; that does not relieve the other party of its burden to disclose, and is not a reason to deny sanctions. *See, e.g., Silicon Knights Inc. v. Epic Games Inc.,* 5:07-CV-275 (D NC 5/7/2012) (stating same). Because disclosure is required without a request, exclusion of unproduced evidence is appropriate regardless of whether a party moved to compel. *Silver State Broadcasting LLC v. Beasley FM Acquisition,* 2:11-CV-01789 (D NV 1/25/2016), at *5.

Conferral on a sanctions motion is not required. FRCP 37(c); *Hoffman, supra,* 541 F3d at 1179 ("Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c)"); *Sanzaro v. Ardiente Homeowners Assn. LLC,* 2:11-cv-01143 (D NV 4/6/2015) ("There is no requirement that a party meet and confer prior to bringing a motion for sanctions"); *Greene v. Alan Waxler Grp. Ch. Svcs.*, 2:09-cv-00748

---

[1] The *Gill* court, citing *Porter v. Martinez,* 941 F2d 732 (9th Cir1991) and *Wanderer v. Johnston*, 910 F2d 652 (9th Cir 1990), explained: "the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions . . . the key factors are prejudice and the availability of lesser sanctions."

(D NV 3/18/2014) at FN5 (citing cases for same proposition).[2]

It is the burden of the party facing sanctions to prove that its failure to comply with discovery rules was justified or harmless in order to avoid sanction. *Yeti, supra* at 1107.

## ARGUMENT

Plaintiff has been severely prejudiced by Defendants' willful refusal to produce a statement and computation of damages, and has been deprived of any meaningful opportunity to conduct discovery on damages, all because Defendants ignored their obligation to produce this most basic required information – "a computation of each category of damages claimed."

If the Court does not strike the counterclaims, it should still exclude any damages evidence offered by Defendants. Under FRCP 37(c), exclusion is appropriate for failure to provide a statement of damages. *Hoffman, supra* (no abuse of discretion in excluding damages evidence where party failed to disclose damage calculations under FRCP 26(a)); *Bessemer v. Seaway Marine Transp.,* 596 F3d 357, 370 (6th Cir 2010) ("the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless"); *Musser v. Gentiva Health Servs*., 356 F3d 751, 758 (7th Cir 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless"); *Ketab Corp. v. Mesriani Law Grp.,* No. CV 14-07241 (CD CA 3/18/2016), *mod. other grounds* 5/2/2018 (9th Cir, unpub.) ("Plaintiff's disclosures do not even provide a 'lump sum statement of damages,' much less 'a more detailed specification' [as required by FRCP 26] . . . The information [ ] is wholly insufficient to enable Defendants to understand the contours of their potential exposure and make informed decisions. . . Defendants'

---

[2] While the Ninth Circuit holds conferral is not required, *Hoffman, supra,* Plaintiff still made good-faith efforts to confer prior to filing the Motion for Sanctions, and subsequently did confer after the Motion was filed as was ordered by the Court. *See* Dkt. # 113 (ordering conferral).

Plaintiff's Objections and Appeal of Order Denying Sanctions     Page 5

failure to conduct discovery on the issue of damages does not absolve Plaintiff of its discovery obligations and render Plaintiff's failure to disclose damages computations to be substantially justified or harmless . . . [the Court] precludes Plaintiff from introducing evidence of damages").

1. **<u>Damages must be detailed with specificity, or evidence thereof is excluded</u>**

FRCP 26 "calls for more than a mere undifferentiated statement of damages but rather demands 'a computation, supported by documents' . . . [if the party] failed to specifically identify and provide a detailed computation . . . the sanction of exclusion is automatic." *Williams v. Johnson,* No. 06-02076 (D DC 11/22/2011) (internal citations omitted); *Design Strategy Inc. v. Davis,* 469 F3d 284 (2nd Cir 2006) ("Rule 26(a) requires more than providing — without any explanation — undifferentiated financial statements; it requires a 'computation,' supported by documents"); *In re Oakwood Homes Corp.,* 340 BR 510, 541-542 (D DE 2006) ("Simply reciting a dollar figure [ ] is not enough . . . facts and methodology on how the plaintiff came to its estimates must also be disclosed"); *Calvert v. Ellis,* 2:13-cv-00464 (D NV 2/12/2015), at *3 (Rule 26 (a) "requires more than the listing of the broad types of damages"); *Max Impact LLC v. Sherwood Grp.,* 09-Civ-902 (SD NY 3/7/2014) (citing cases that Rule 26(a) "requires more than merely setting forth the figure demanded").

Defendants admit they never provided a damages calculation. Dkt. #109 (Def. Rsp. Mtn. Sanctions), pgs.2-3; Dkt. #100-1; Dkt. #100-3. They now rely on their unsupported pleadings:

> For FieldTurf's breach of contract claim, it alleged that plaintiff failed to devote his full business time and attention to his employment duties . . . even though FieldTurf had paid plaintiff $100,000 in salary. [ ] In FieldTurf's CFAA claim, it alleged damages of no less than $5,000 due to his deleted files. [ ] And in its trespass, conversion, and breach of fiduciary duty claims, FieldTurf alleged damages of no more than $10,000.

Dkt. #109, pg. 2; Def. Ans. & Counterclaims ¶¶ 2, 19, 23, 27, 31, 42, 43, 49, 53, &, 56 (as cited

by Defendants in their Response,³ *id.*).  However, "[s]imply reciting a dollar figure [ ] is not enough" to satisfy Rule 26.  *Oakwood Homes, supra,* 340 BR at 541-542.  "The computation of each category of damages requires more than the listing of the broad types of damages." *Calvert, supra* at *3.  The allegations of Defendants' Answer clearly do not satisfy the Rule.

Defendants admit their response to Plaintiff's Interrogatory was the same as their initial disclosures, even ***after*** expert discovery closed.  Dkt. #109, pg. 3 ("As part of those [initial] disclosures, FieldTurf explained that '[t]he precise method of computation of defendants' damages arising out of these claims will be disclosed pursuant to the parties' obligations to provide expert disclosures'"); Dkts. #100-1 at pg. 3, &100-3 at pgs. 4-5 (same).  Even when reminded that expert discovery was closed, they refused to supplement.  Dkt. #100-2, pgs. 21-22.

Defendants refused to comply with FRCP 26.  Their damages evidence should be excluded and their claims dismissed.

**2.    Document production alone does not satisfy Rule 26**

Producing documents, absent the explanation and calculation of damages required by FRCP 26, is not sufficient to satisfy the Rule.  *Easton v. Asplundh Tree Exp. Co.,* C16-1694 (WD WA 11/15/2017) at *7 ("Plaintiff will be precluded from offering evidence of lost past and future wages . . . Plaintiff argues that her production of tax documents and her own anticipated testimony has provided Defendant with enough information about her wage loss . . . However, making certain documents available and promising that someone (in this case Plaintiff) will

---

³ Most of the paragraphs cited by Defendants do not relate to the amount of damages at all:  ¶ 2 merely states that "Pursuant to Section 4 of the Employment Agreement, Schedler's annual salary was $100,000. In addition, Schedler was eligible to earn a 1% commission on qualifying military sales, a benefit which he did not have in his prior position. Schedler also received the use of a FieldTurf owned car (a 2007 Hummer H2, the 'Company Vehicle')"; while ¶¶ 19, 23, 27, 31, & 42 allege that Plaintiff breached his employment agreement or converted Defendants' property but give no damage amounts.

testify regarding damages is not a 'computation' [under FRCP 26(a)(1)(A)(iii)]"); *Armstrong Pump Inc. v. Hartman,* 10-CV-446S (WD NY 1/18/2018) at *126 (Second Circuit has expressly rejected argument "that the sanctioned party's production of documents from which its opponent can derive and calculate the claimed damages is sufficient to avoid preclusion" of damages evidence as sanction for failure to make full 26(a)(1) disclosures); *Silicon Knights, supra* (internal citations omitted) ("Disclosing damages-related documents alone, without disclosing a computation based on such documents, does not satisfy a party's Rule 26(a)(1)(A)(iii) obligation . . . [the] disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations . . . [and] must include 'more than a lump sum statement'"); *Design Strategy, supra,* 469 F3d at 293 (quoting with approval colliloquy of District Court that "it is not as simple as simply providing [documents] to the defendant without your providing as well a specific formula indicating how your theory of damages is supported   . . . providing documents to the defendant and assuming that somehow the defendant will divine what your alleged [damages] are by having documents is not sufficient"); *Max Impact, supra* (internal quotations omitted) ("Sherwood's argument that it has produce[d] hundreds of documents in support of [their damages] claims falls short of meeting Rule 26(a)(1)'s computation requirement . . . Sherwood's production of documents relating to its damages claims cannot excuse [Sherwood] from its separate obligation to disclose a damages computation"); *Popovic, supra* (where party gave only "general descriptions of damages devoid of any detail," production of documents from which other party could have guessed at the nature and value of damages "does not constitute compliance with Rule 26(a)(1)'s requirement to disclose a computation of each category of damages claimed," offending party is barred from presenting evidence of damages, and summary judgment is entered against it).

Here, Defendants argue they produced documents on damages. Dkts. #109, pg.3; 110-6; 110-8; 110-9; 110-10.[4] In denying Plaintiff's motion, Judge Papak found that was adequate to fulfill their FRCP 26 obligations . Dkt. #118, pgs. 22-24. However, as the above cases hold, this does not constitute compliance with the Rule and is insufficient to avoid severe sanctions.

Defendants do not allege that they ever identified those documents to Plaintiff's counsel as relevant to damages. Defendants never disclosed that they produced documents they thought relevant to damages, never identified those to Plaintiff, and never indicated how or why such documents related to damages. Baze Decl. ¶ 5. Instead they maintained that there **_were no_** documents (except those pertaining to "ownership costs of the vehicle," which they now admit consist of a one-page invoice bearing no date which, out of the 10,000+ pages they produced, was not previously identified as relevant to damages). Defendants chose to affirm and re-affirm that they would rely on experts alone. Dkts. #109 at pg. 3, 100-1 at pgs. 3-4, and 100-3 at pgs. 4-5. This shows bad faith and supports imposition of strict sanctions (see also subsection 8, *infra*).

**3.    When disclosures maintain reliance on experts, non-expert evidence is excluded**

Where a disclosure of damages asserts the party will rely on experts, non-expert evidence and testimony are excluded. *Silicon Knights, supra* (proof of damages by non-experts excluded where party's disclosures stated it would rely on experts); *MicroStrategy Inc. v. Bus. Obj. SA,* 429 F3d 1344 (Fed Cir 2005) (no error in excluding both expert and non-expert testimony where party asserted damages would be proved by experts, experts were excluded due to flaws in methodology, and party did not supplement to disclose reliance on non-expert evidence); *CQ Inc. v. TXU Mining Co.,* 565 F3d 268, 277-280 (5th Cir 2009) (no error excluding both expert

---

[4] It has in no way been clear that the newly-referenced documents even related to Defendants' damages: e.g., Defendants cite to Plaintiff's wage statements, which just show payments of wages Defendants were required to pay due to Plaintiff's employment. Dkt #109, pg.3.

and non-expert testimony where party did not disclose categories and computations of damages, pursuant to FRCP 26, on which witnesses were to testify); *Gould Paper Corp. v. Madisen Corp.*, 614 FSupp2d 485, 490 (SD NY 2009) (where party asserts in discovery that it will rely on damages experts and discloses none, it is limited to nominal damages only).

Here, Defendants consistently refused to produce any statement beyond asserting that damages would rely on expert evidence. They never supplemented their disclosures and continued to assert they would rely on experts even after expert discovery closed.

Defendants now argue that "Plaintiff's Motion [for deadline extensions] failed to discuss the expert discovery deadline" and that "FieldTurf also believed that when the Court extended the fact discovery deadline . . . that order necessarily extended the expert disclosure deadline to at least six weeks after the close of fact discovery consistent with the prior schedule . . . FieldTurf did not realize until January 30, 2018—when plaintiff objected to FieldTurf's interrogatory responses—that plaintiff would be taking the position that expert discovery was closed in December 2017 under the prior scheduling order." Dkt. # 109, pgs. 4 & 10. Defendants' statements are false. They did not miscomprehend anything. The parties discussed that deadline and ***chose not to move it***. Baze Decl. Ex. 1. The Court specifically inquired whether parties wished to extend expert deadlines. *Id.* at pgs. 9-12. After discussion with Defendants' counsel, Plaintiff's counsel responded no, and Defendants' counsel did not object or request an extension. *See id.* at pg. 11. There was no mere "oversight in failing to update [ ] damages disclosures," nor "a misunderstanding of the expert discovery deadline." Dkt. #109. Defendants were fully aware of the deadline. *Id., and* Dkt. #87 (order on discovery extensions). Moreover, when Plaintiff's counsel pointed out that the deadline had passed, Defendants still did not request additional time for disclosure. If Defendants were not willfully withholding

calculations, they would have been corrected when Plaintiff's counsel raised the issue.

It was only this June, after discovery had long since closed and Plaintiff had already filed his Motion for Sanctions, that Defendants changed their approach and asserted for the first time that they would not rely on experts to prove damages – contradicting every prior statement they had made in over two years of litigation. Baze Decl. Ex. 2 (email from Defendants' counsel). This is precisely the sort of gamesmanship that Rules 26 and 37 are meant to safeguard against.

In *Gould, supra,* the defendants' disclosures stated as to their counterclaims: "the complete amount of damages is a calculation which must be determined by an expert." *Id.* at 490. When they failed to disclose experts, the plaintiff moved for summary judgment. The defendants "counter[ed] that they provided 'at least, seventeen (17) statements as part of [their] initial disclosure . . . consist[ing] of approximately six hundred and twenty-nine pages (629) which document and detail the basis for the damage claim.'" *Id.* The Court agreed with the plaintiff, stating: "[t]he documents . . . do not satisfy the Rule 26 requirement that defendants provide 'a computation of each category of damages claimed.' Peculiarly, defendants argue that they have not detailed their claim for damages because 'the complete amount of damages is a calculation which must be determined by an expert.' [ ] In essence, defendants concede they did not provide a damages computation, and it is simply too late for them to do so now. All discovery—fact and expert—closed in this case . . . Defendants, therefore, are precluded from proving damages . . . [and] may only seek nominal damages—$1.00." *Id.* at 490-491.

This case is much worse than *Gould*. Instead of producing 629 pages, Defendants admit they produced only 18 pages relevant to their damages -- none of which were identified in discovery as relevant to damages, and four of which are just Plaintiff's pay stubs. *See* Dkts. #110-5, 110-6, 111-2, 111-3, 111-4. Defendants provided no assistance to Plaintiff in locating

any of the documents to which they now point, or in understanding their damages. The fact that these documents were buried in around 10,000 pages of discovery shows an improper purpose in Defendants' refusal to comply. Defendants' only statement of damages insists they will rely on experts. This makes Defendants' actions here far more improper than the actions in *Gould*.

Likewise, in *Silicon Knights, supra,* the plaintiff's disclosures stated: "specific damages calculations will be the subject of expert analysis and computation . . . [but] SK believes that its damages will total several million dollars due to fraud and other tortuous [sic] conduct [and] breach of contract . . . Documents in support of SK's damages will be produced upon a mutually agreeable date." *Id.* The plaintiff timely produced a damages expert report, but it was excluded due to unreliable methodology. The further facts parallel those here:

> SK notes that it stated in its initial and first supplemental initial disclosures that it expected its damages for the various claims in its complaint to be "several million dollars" . . . a Rule 26(a)(1)(A)(iii) disclosure must include "more than a lump sum statement of the damages allegedly sustained." [ ]  Instead, the rule "contemplates some analysis," including an analysis of the damages sought as to each claim . . . SK stated in the same documents that its "specific damages calculations will be the subject of expert analysis and computation." This statement bolsters the conclusion that SK did not intend for its "several million dollars" statement to serve as its Rule 26(a)(1)(A)(iii) disclosure . . . SK also argues that it responded to Epic's request for "documents relating to ... damages" with "several million pages of documents" . . . Disclosing damages-related documents alone, without disclosing a computation based on such documents, does not satisfy a party's Rule 26(a)(1)(A)(iii) obligation. [ ] Similarly, SK argues that Epic served interrogatories and requests for admission that raised damages-related issues to which SK responded. [ ]  However, SK does not argue (or produce evidence showing) that it included in its interrogatory responses or in its responses to requests for admission specific damages computations supported by documentary evidence. [ ] Next, SK argues that it produced "multiple witnesses on financial and damages related topics" . . . Epic correctly notes that making witnesses available is not a substitute for the computation and analysis that Rule 26(a)(1)(A)(iii) requires . . . Epic's ability to depose witnesses who had some knowledge of SK's damages did not satisfy Rule 26(a)(1)(A)(iii) . . . The court

follows the Federal and Fifth Circuits and excludes SK's non-expert-based damages evidence pursuant to Rule 37(c).[5]

Like in *Silicon Knights,* here Defendants' Initial Disclosures specifically stated that the whole of their damages (save for one page related to the vehicle) would rest on expert evidence. Dkt. #100-1. As in *Silicon Knights,* Defendants' response to Plaintiff's damages interrogatory also failed to provide any computation, merely reiterating verbatim the Initial Disclosure. Dkt. #100-3. Defendants then produced no expert. Like in *Silicon Knights,* they also never supplemented.

The *Silicon Knights* court observed that the purpose of requiring "computations" of damages is to allow "[t]he opposing party [ ] to meet that evidence via cross examination and via evidence in its rebuttal case," and found that the failure to provide that "deprived [its opponent] Epic of this opportunity, and thus has prejudiced Epic. Indeed, the prejudice to Epic is manifest if SK were allowed to present at trial a damages computation never revealed to Epic before it came from the witnesses' lips at trial . . . SK erroneously assumes that Epic should be able to glean a computation of each category of SK's damages as to each claim from the 'several million pages of documents' disclosed during discovery. [ ] The court rejects this assumption and finds that Epic would be surprised and profoundly prejudiced." *Id.*

While in the present matter the documents produced number in the tens of thousands, rather than millions, the situation is the same. Plaintiff has been deprived of opportunity to prepare his rebuttal case because Defendants' refusal to disclose has left Plaintiff in the position of guessing at alleged damages and unable to conduct meaningful discovery.

**4.      Defendants identified no witnesses as having damages information**

Defendants argue they "disclosed several FieldTurf employees who are competent to

---

[5] Internal citations omitted.

testify about its damages." Dkt. #109, pg. 9.  Defendants never stated that anyone had information about damages.  They stated:  "Ms. Waggoner may have had conversations or correspondence with plaintiff regarding the company vehicle. [ ] Mr. Olinger was a superior / supervisor of plaintiff at FieldTurf. [ ] Mr. Forand works on payroll matters at FieldTurf. [ ] Mr. Gallant works on IT matters at FieldTurf." Dkt. #100-1.  Those persons were not noted as having damages information, and it seems Defendants now expect to rely on them for ***expert*** testimony, such as Plaintiff's "improper computer access." Dkt. #109, pg. 9; *Boudreau v. Lussier,* 13-388 (D RI 11/30/2015) (interpretation of computer data solely for expert, not lay-person, testimony).  Merely listing names is insufficient; such witnesses should be excluded.  *Silicon Knights, supra* (where "SK argue[d] that it produced 'multiple witnesses on financial and damages related topics'" but none provided a computation of damages, Rule 26 not satisfied); *CQ Inc., supra,* 565 F3d at 277-280 (no error excluding testimony where party did not disclose categories or computations of damages on which witnesses were to testify).

5. **Belated compliance is insufficient to avoid sanction**

Belated compliance with Rule 26 is insufficient to avoid sanction.  *Payne, supra* ("Many of the discovery responses [ ] came only as the discovery period was drawing to a close, or after . . . [Other parties] were therefore deprived of any meaningful opportunity to follow up on that information, or to incorporate it into their litigation strategy . . . the prejudice factor favors dismissal"); *Greene v. Wal-Mart Stores,* 2:15-cv-00677 (D NV 1/6/2016) at *11-12 ("The fact that a party was eventually able to obtain the discovery sought or that the opposing party is now willing to participate in discovery does not foreclose a finding of prejudice. That is especially true when the failure to comply with discovery obligations foreclosed the ability of the movant to obtain follow-up discovery during the discovery period or otherwise hindered its ability to

prepare for trial"); *Olaya v. Wal-Mart Stores,* 2:11-cv-997 (D NV 8/7/2012) (where party supplemented damages disclosures a few days before discovery closed, other party is prejudiced and supplemental evidence is excluded). The offending party's entire course of discovery conduct may be considered in imposing the sanction. *Payne, supra., Adriana Intern Corp. v. Thoeren,* 913 F2d 1406, 1411 (9th Cir 1990) (same); *Henry v. Gill Indus., supra* at 947 (same).

Defendants point to the documents and information first presented in their Response to Plaintiff's Motion for Sanctions to argue they have complied with the Rule. However, none of that information was disclosed in discovery as relevant to damages; some of it was never even produced until Defendants responded to that motion. *See, e.g.,* Dkts. #109 pg. 8-9 (identifying categories of claimed damages for the first time) & #110-3 (statement of damages produced in different suit, with different claims, and ***not*** in the present case); Baze Decl. ¶¶ 4- 6. Of the documents produced, they were simply part of batch production – some at the very close of discovery – and not identified as relevant to damages.[6] *Id.* If Defendants intend to rely on documents other than the five newly-identified items, Plaintiff still has no idea what those might be. Defendants never even provided categories of damages, let alone computations, until their response to Plaintiff's Motion. It was only then they identified, for the first time in almost three years of litigation, that their alleged damages are "salary and commission payments FieldTurf made to plaintiff while he was in breach of his employment agreement . . . FieldTurf's lost profit

---

[6] Defendants point to 5 document sets. Dkt. #109, pg. 9 (Def. Rsp.) One is simply Plaintiff's paystubs. Dkt. #111-2 (Def. Ex. 8). One is a single-page towing invoice with no date. Dkt. #100-6 (Def. Ex. 6). One is a FieldTurf "Quotation Worksheet." Dkt. #111-3 (Def. Ex. 9). One is a Baraka Sport "proposal for Owners Representative" and invoice received on Feb. 26, 2018, after discovery had closed. Dkt. #111-4 (Def. Ex. 10). The remaining document was never produced in discovery at all. Dkt #110-3 (Def. Ex. 3). At no point prior to its response to Plaintiff's sanction motion did Defendants make identification of any of the documents produced as being relevant to damages. Baze Decl. ¶¶ 4- 6.

on the Washburn University project . . . amounts plaintiff received in violation of his non-competition agreement, and . . . the costs for insurance and transporting plaintiff's vehicle." Dkt. #109 pgs. 8-9. This late disclosure deprived Plaintiff of any opportunity for discovery on how his salary and commissions constitute damages; what the alleged "lost profit" is or how and by whom it was calculated; or in what way any monies Plaintiff earned violated his employment agreement. Nothing at all was produced on "costs for insurance," so Plaintiff is entirely in the dark as to what those alleged damages may be. Summary judgments are due in days and trial soon to be scheduled, so the failures to make disclosures are severely prejudicial to Plaintiff.

**6.     Exclusion is especially appropriate where delay causes prejudice**

Exclusion of damages evidence is especially appropriate where the failure to produce is persistent and the delay causes prejudice to the other party. *Eldridge v. Gordon Bros. Grp.,* 08-11254 (D MA 3/18/2016), at *42-45 (exclusion of damage evidence and subsequent dismissal is appropriate sanction where "the parties struggled over discovery for approximately two years. The financial documents on which Plaintiff's damages calculations are based were in Plaintiff's possession, at the latest, by the end of fact discovery . . . This is not a case of a single missed deadline; this is a case of continual flouting of an ongoing obligation to supplement"); *and see also US v. Sumitomo Mar. & Fire Ins. Co.,* 617 F2d 1365, 1369 - 1370 (9th Cir 1980). In *Sumitomo,* the Ninth Circuit found no error in excluding damages evidence "after 18 months of delays and failures to comply with court-ordered discovery," although the offender produced an "estimate" shortly before trial. *Id.* at 1370. Following the Second Circuit in *Cine 42nd St. Theatre Corp. v. Allied Artists Pic. Corp.*, 602 F2d 1062 (2nd Cir 1979), the Court reasoned:

> Preclusionary orders ensure that a party will not be able to profit from its own failure to comply . . . although the most drastic sanctions may not be imposed as "mere penalties," [ ] courts are free to consider the general deterrent effect their

orders may have . . . provided that the party on whom they are imposed is, in some sense, at fault . . . the prejudice to [the other party] was unmistakable: two weeks before trial, the government had yet to supply firm damage figures . . . only by severe sanctions could the court further the first two purposes of Rule 37(b). Severe sanctions were also necessary to further the third objective of Rule 37(b): generally deterring flagrant disobedience and callous disregard of court discovery orders . . . If harsh measures were not taken in such cases, the government and "other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders."[7]

Here, Plaintiff has been severely prejudiced. Parties are about to file summary judgments, yet Plaintiff has no clear indicator of Defendants' theory of damages, specific amounts, or how those were derived. This is precisely what Rule 37 is designed to avoid.

**7.     Exclusion is appropriate where a party fails to disclose relevant theories or evidence**

Failure to provide a specific computation of damages where the party has relevant information, or knows its disclosures to be inaccurate or incomplete, is properly sanctionable by excluding evidence. FRCP 26(e)(1)(A); *Max Impact LLC v. Sherwood Grp. LLC,* 09-Civ-902 (SD NY 3/7/2014) ("the disclosing party must timely supplement or correct its initial disclosures if it subsequently learns that the information provided was either 'incomplete or incorrect.' [ ] The purpose of the rule is to prevent the practice of sandbagging an opposing party"); *Zarour v. Am. Sec. Ins. Co.,* 13-6384 (D NJ 9/3/2015) ("despite his recognition during the course of this case that the damages calculation was inaccurate, [the party] never undertook to amend or supplement his disclosure, even when faced with a Court-ordered deadline to do so. That failure was neither substantially justified nor harmless"); *Eldridge, supra* at *42-45 (where party did not notify opponent of damage calculations or specific theory of recovery until months after close of discovery, damages evidence is excluded and claim is dismissed); *City of Aurora, supra,* 720

---

[7] Internal citations omitted.

FSupp 2d at 1261-1263 (where party did not disclose theory of damages on which it tried to proceed at trial, but provided other theories in discovery, claim is dismissed as sanction); *Silver State, supra* at *3-4 ("the party seeking damages must 'timely disclose its theory of damages' as well as the 'basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages'").

Here, Defendants attempt precisely what the Rule forbids. They point to a statement from a different case, with different claims, against a different party with a different attorney, and say it is relevant here. Dkt #110-3. That document was not produced here, and the Court should contrast it with the vague statement they ***did*** provide. Dkts. #100-1 &100-3. Clearly, Defendants could have described damages with specificity, but chose to hide that information.

Defendants' sudden reliance on this unproduced document shows bad faith. They had this information by the document date of February 28, 2017 -- nearly a year before discovery closed here. Dkt. 110-3.[8] They were fully capable of producing it, but hid their theories and computations, repeatedly saying they would rely solely on experts. This merits severe sanctions.

### 8. <u>Defendants' bad-faith actions support severe sanctions</u>

A court should find bad faith on the part of the non-disclosing party where the party seeking the statement of damages also made discovery requests for damages information, despite this being a required disclosure under FRCP 26. *Design Strategy, supra,* 469 F3d at 295-296 (emphases in original) ("Design's failure to comply with th[e FRCP 26] requirement was especially troubling because, as noted by the District Court, the [ ] Defendants specifically

---

[8] It should have been excluded from consideration of Defendants' Response. *See Malone v. Portfolio Rec. Assoc.,* 3:14-CV-00152 (WD KY 8/6/2015), at *7 ("If a party could supplement by citing undisclosed information in response to a motion, the plain language of Rule 37, which prohibits the use of such information 'on a motion,' would be ineffective").

*requested* a calculation of damages . . . although a 'bad-faith' violation of the Rule 26 is not *required* in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply"); *Bonnell v. FirstMerit Bank NA, supra* at *12-15 (where party failed to provide computation of damages in initial disclosures and interrogatory responses, the failure is significantly prejudicial, the party is prohibited from seeking money damages and its claim is dismissed).

In the Ninth Circuit, bad faith supports sanctions of dismissal, whether directly or by excluding evidence of damages, and is a required finding when a sanction results in dismissal.[9] *R&R Sails, supra,* 673 F3d at 1247-1248. "Repeated failures to comply with Rule 26(a)'s requirements and the opposing party's requests 'give[] the appearance of bad faith.'" *Silver State, supra* at *5 (internal citation omitted). "[D]isobedient conduct not shown to be outside the control of the litigant" also justifies dismissal. *Henry v. Gill Indus., supra* at 948-949.

Here, Plaintiff's counsel not only sent emails seeking a computation of damages, but also an Interrogatory to which Defendants refused to substantively respond. Dkts. #100-1, 100-2, & 100-3. Defendants had information they now claim is relevant, but refused to disclose it and only made it available upon Plaintiff's sanctions motion. Dkts. #109, pg . 9 & 110-3. Defendants did not identify any witnesses with information about damages. Dkt. # 100-1. They argue they produced documents, but they never disclosed in discovery that those were relevant to damages, never identified them in the 10,000 pages they produced, and never indicated how or

---

[9] Ordinarily, "[e]xclusion of undisclosed damages evidence under Rule 37(c) requires no 'finding of willfulness or bad faith' by the non-disclosing party . . . and is "a self-executing, automatic sanction.'" *Thissel v. Murphy,* 15-cv-05937 (ND CA 6/7/2017) *quoting Hoffman, supra,* 541 F3d at 1180, *and Yeti, supra,* 259 F3d at 1106. When the sanction precludes the party's cause of action, the court should make a finding of "willfulness, fault, or bad faith" and should "consider the availability of lesser sanctions." *R&R Sails, supra,* 673 F3d at 1247.

why they related to damages. Defendants appear to have changed tactics only after realizing the expert deadline had passed. In *City of Aurora, supra* at 1262-1263, the Court found such actions supported dismissal. "As for the question of litigant's culpability . . . patentees did not raise this [damages] theory until they were faced with dismissal . . . once the patentees discovered that their previous theories were flawed, they attempted, at the last moment, to shift gears and change theories. The patentees' failure to anticipate this result is no one's fault but their own." *Id.*

Defendants' acts show bad faith. In the Ninth Circuit, theirs is exactly the kind of conduct that merits strict sanctions. *See Arnada Concrete LLC v. Jaynes Corp.,* 2:14-cv-02176 (D NV 5/9/2017) ("Jaynes intentionally made disclosures designed to give as little information as possible . . . in most instances [ ] Jaynes made no disclosure at all but instead relied on Armada to cobble together the substance of Jaynes' liquidated damages claim . . . Janyes' initial disclosures [ ] identified [only] a witness 'expected to testify as to facts and information pertinent to this litigation, the complaint, claim, counterclaims, and defenses' . . . no lesser sanction other than exclusion of evidence related to Jaynes' liquidated damages claim is suitable").

## CONCLUSION

Plaintiff asks that Defendants' counterclaims be stricken; or if not, that Defendants not be allowed to put forth any evidence of damages.

DATED: September 21, 2018.

Schuck Law, LLC

  /s/ Leslie E. Baze
LESLIE E. BAZE, OSB 103326
(360) 566-9243
Attorney for Plaintiff