# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**JOHN SCHEDLER**,

    Plaintiff,

v.

**FIELDTURF USA, INC.**, *et al.*,

    Defendants.

Case No. 3:16-cv-0344-JR

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

On September 11, 2018, U.S. Magistrate Judge Paul Papak[1] issued an Opinion and Order (ECF 118) resolving Plaintiff's Motion for Imposition of Sanctions (ECF 99) and two discovery motions by Plaintiff (ECF 102 and 103). Magistrate Judge Papak denied the sanction of dismissing Defendants' counterclaims because he found the lesser sanction of precluding certain evidence would be sufficient to address the alleged discovery deficiency. Magistrate Judge Papak denied Plaintiff's motion to declare some documents admissible or re-open discovery for a limited purpose and granted in part Plaintiff's motion for redesignation of documents and to

---

[1] This case has since been reassigned to U.S. Magistrate Judge Jolie A. Russo.

compel production of some documents. Plaintiff objects only to the portion of Magistrate Judge Papak's Opinion and Order relating to Plaintiff's motion for sanctions. Because the Court is not reviewing a magistrate's findings and recommendation that the Court must consider in full and either adopt or not, the Court does not consider the portions of Judge Papak's Opinion and Order to which Plaintiff did not object. The Court considers the objected-to portion of the Magistrate Judge's Opinion and Order for clear error.[2]

## LEGAL STANDARDS

**A. Review of Magistrate's Opinion on Nondispositive Matters**

Federal law permits a magistrate judge in a civil action "to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."). When a magistrate judge decides a matter under § 636(b)(1)(A), a district judge may reconsider the magistrate's order if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is

---

[2] Defendants argue that the Court should not find any error with the Magistrate Judge's decision on Plaintiff's motion for sanctions because Plaintiff failed timely to confer on the motion as required under the Local Rules. The Ninth Circuit, however, has stated that "[a]ny local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008).

contrary to law."); LR 72-1 (designating magistrate judges in this district "to conduct all pretrial proceedings authorized by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72").

**B. Rule 26**

Rule 26(a)(1)(A)(iii) requires disclosure of a "computation of each category of damages claimed by the disclosing party" and that the disclosing party make available for inspection and copying (or produce) the documents on which each computation is based, unless those documents are privileged or otherwise protected from disclosure. "The computation of each category of damages requires more than the listing of the broad types of damages so as to enable the defendants to understand the contours of their potential exposure and make informed decisions regarding settlement and discovery." *Calvert v. Ellis*, 2015 WL 631284, at *2 (D. Nev. Feb. 12, 2015) (quotation marks omitted). Production of documents and making witnesses available is insufficient to comply with this rule. *See Ishow.com, Inc. v. Lennar Corp.*, 2017 WL 3020927, at *4 (W.D. Wash. July 14, 2017) ("Making certain documents available and promising that someone will testify regarding damages is not a 'computation' and fails to apprise defendants of the extent of their exposure in this case.").

Rule 26(e) of the Federal Rules of Civil Procedures provides, in relevant part, that:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A).

## C. Rule 37(c)(1)

Rule 37(c)(1) prohibits a party from using at trial, at hearing, or on a motion evidence that properly was not disclosed as required under Rule 26(a) or (e). This sanction is "self-executing" and "automatic," and no showing of bad faith or willfulness is required. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), *as amended* (Sept. 16, 2008) ("Finally, we reject the notion that the district court was required to make a finding of willfulness or bad faith to exclude the damages evidence. To the contrary, the portion of Rule 37 relied on by the district court has been described as 'a self-executing, automatic sanction to provide a strong inducement for disclosure of material.'" (quoting *Yeti*, 259 F.3d at 1106)). "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). Rule 37(c)(1) also permits additional sanctions, including striking pleadings and dismissing claims or counterclaims, by expressly incorporating the sanctions of Rule 37(b)(2)(A).

The Ninth Circuit has set out five factors that a court must weigh when considering the harsh sanction of dismissal. These factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is proper when "at least four factors support dismissal" or if "three factors strongly support dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

PAGE 4 – OPINION AND ORDER

**BACKGROUND**

On April 7, 2016, Defendants provided their initial disclosures to Plaintiff under

Rule 26(a). Under Section III, Computation of Damages, Defendants disclosed:

> 1. As more fully described in defendants' counterclaims, defendants' damages arise out of plaintiff's breach of his fiduciary duties and contract obligations, as well as defendants' loss of company information, which may include confidential information. The precise method of computation of defendants' damages arising out of these claims will be disclosed pursuant to the parties' obligations to provide expert disclosures.
>
> 2. Defendants have documentation of expenses paid for ownership costs associated with the company vehicle related to defendants' trespass to chattels claim.

ECF 100-1 at 3.

On May 23, 2016, Plaintiff's counsel requested from Defendants' counsel a computation of damages, noting that Plaintiff had provided a good faith estimate of damages but that Defendants had done nothing other than summarize their prayer for relief, which violates Rule 26(a)(1)(A)(iii). ECF 100-2 at 1. Defendants did not provide any further disclosure relating to damages at that time. On August 8, 2017, Plaintiff's counsel again asked Defendants' counsel for the computation of damages, as required under Rule 26, among other requests. ECF 100-2 at 11. When Defendants' counsel responded, he did not answer that particular request. *Id.* at 19.

Initial expert report exchanges were due on December 1, 2017. Expert discovery was scheduled to close on January 26, 2018. In October 2017 the parties stipulated to extending fact discovery and other deadlines, but not the expert discovery deadlines. The Court asked the parties about expert discovery deadlines, but ultimately entered a scheduling order on November 6, 2017, without extending expert discovery. No party disclosed any experts or exchanged expert reports.

PAGE 5 – OPINION AND ORDER

On January 29, 2018, after the close of expert discovery, Defendants responded to Plaintiff's First Set of Interrogatories. Interrogatory No. 5 asked Defendants to describe in detail, as required by Rule 26, all damages that Defendants contend they have suffered as a result of Plaintiff's conduct and as alleged in Defendants' counterclaims. Defendants provided some boilerplate objections and then responded:

> As Defendants stated in their initial disclosures, the precise method of computation of Defendants' damages arising out of their counterclaims will be disclosed pursuant to the parties' obligations to provide expert disclosures. Otherwise, Defendants have produced documentation of expenses paid for ownership costs associated with the company vehicle related to defendants' counterclaims.

ECF 100-3 at 5.

On January 30, 2018, Plaintiff's counsel complained to Defendants' counsel about Defendants' "continued refusal to comply with Rule 26(a)(1)." ECF 100-2 at 21. Plaintiff's counsel noted that under that rule Defendants must provide a computation of damages, that initial disclosures were due in April 2016 and Defendants did not disclose such a computation but instead stated that expert disclosure would provide the necessary information, that about 20 months had passed and Defendants still had not made the proper disclosure, and that Plaintiff issued Interrogatory No. 5 and received the same deficient response. *Id.* Plaintiff's counsel then pointed out that the time for expert discovery had closed and thus no expert testimony could be forthcoming. Plaintiff's counsel demanded that Defendants immediately produce the computation of damages and all supporting documentation, as required under the Federal Rules of Civil Procedure. *Id.* at 22.

Defendants, although they disclosed no expert and provided no expert report relating to damages, did not supplement their initial Rule 26 disclosure that their damages computation

would be disclosed through expert testimony. Defendants also did not supplement their response to Interrogatory No. 5.

On March 13, 2018, the parties reported that this case had settled. On May 8, 2018, however, the parties reported that full settlement was unsuccessful and requested the Court to set aside its order of dismissal. On May 21, 2018, the Court reset certain case deadlines, but did not set new deadlines for expert discovery. On June 11, 2018, Plaintiff filed his motion for sanctions.

## DISCUSSION

### A. Clear Error

Plaintiff argues that Defendants failed properly to disclose a computation of alleged damages arising out of its counterclaims under Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and failed to supplement his initial disclosure or answer to interrogatory under Rule 26(e). Plaintiff argued before Magistrate Judge Papak that these failures required dismissal as a sanction and, in the alternative, required exclusion of all evidence of damages under the self-executing exclusion sanction of Rule 37(c)(1) of the Federal Rules of Civil Procedure. Plaintiff focuses his argument here on the evidentiary exclusion sanction of Rule 37(c)(1) and not the sanction of dismissal. When all such evidence is excluded, however, argues Plaintiff, Defendants' counterclaims will necessarily need to be dismissed for the inability to prove damages. Plaintiff cites many cases granting summary judgment or dismissing claims or counterclaims after excluding evidence of damages, when the evidence was not timely and sufficiently disclosed.

Magistrate Judge Papak noted that "it is defendants' position" that they have produced documents relating to damages, including salary and commission payments made to Plaintiff after he allegedly breached his employment agreement, a worksheet showing lost profit on a particular project relating to Plaintiff, invoices showing amounts Plaintiff received in violation of

PAGE 7 – OPINION AND ORDER

his non-competition agreement, and documents showing the costs for insurance and transporting Plaintiff's vehicle after he refused to sign title back to his employer. ECF 118 at 22. Magistrate Judge Papak also noted that Defendants assert that they disclosed the names of several persons who are competent to testify about damages. Magistrate Judge Papak concluded:

> It is clear that grounds do not exist for imposition of the dismissal sanction here, in that at least one "lesser" sanction is available that would be adequate to address the failings, if any such exist, in defendants' damages computation disclosures, namely the exclusion of undisclosed evidence provided under Rule 37(c)(1). In the event defendants seek damages beyond the scope of their disclosures as described above without showing that the failure earlier to disclose such damages was substantially justified or harmless, they will be banned from relying in support thereof on any undisclosed documents or on witness testimony flowing from any undisclosed documents.

*Id.* at 24.

Plaintiff argues that production of documents cannot comply with Rule 26(a)(1)(A)(iii)'s damages computation requirement, that identification of witnesses who will testify also is insufficient, and that these disclosures are particularly insufficient when Defendants' disclosed only expert and not lay witnesses as the source of damages testimony, never supplemented their disclosure to include lay witnesses, never identified those witnesses as having information relevant to damages, and never identified to Plaintiff any specific documents as relevant to damages. Plaintiff also notes that some documents identified by Defendants and relied on by Judge Papak were produced late in discovery, after discovery closed, or not produced at all.

Magistrate Judge Papak made no determinations relating to the sufficiency of Defendants' purported disclosures relating to damages. Instead, Magistrate Judge Papak recited Defendants contentions, and then concluded that evidence beyond the scope of those disclosures relating to damages would be excluded unless harmless or substantially justified. But the Court first must consider whether what Defendants disclosed to Plaintiff during discovery complied

PAGE 8 – OPINION AND ORDER

with Defendants' obligations under Rule 26(a)(1)(A)(iii) before the Court can conclude that excluding *other* damages evidence is the appropriate sanction under Rule 37(c)(1) (or as the appropriate "lesser sanction" to dismissal), as compared to excluding *all* damages evidence. Thus, the first question is not whether dismissal is too harsh of a sanction. The first question is whether Defendants violated Rule 26(a)(10(A)(iii), and the Court finds it was clear error to fail to conduct such an analysis. If Defendants violated Rule 26(a)(1)(A)(iii), the Court will then determine the appropriate sanction.

**B. Rule 26(a)**

Defendants' initial disclosures were insufficient to comply with Rule 26(a)(1)(A)(iii). Although a party does not have to know the full specifics of its damages at the outset of litigation, a party must make some good faith effort to estimate damages. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it."). There is no indication that Defendants made any effort based on information reasonably available to them. Defendants had information available to them about costs relating to the company vehicle and expenses relating to salary, commission, and other expenses they paid to Plaintiff. Even if Defendants needed discovery to obtain other information, the Federal Rules expressly anticipate supplementation of initial disclosures as discovery progresses and more information is obtained. Simply providing no information and stating that experts will be relied on, under the circumstances of this case when at least some damages did not require complicated methodology and computation, was insufficient.

Defendants' interrogatory response compounded this insufficiency, and was worse because Defendants provided it after the close of expert discovery. Defendants' counsel state in response to Plaintiff's motion for sanctions that counsel believed that the November 2017 scheduling order extending fact discovery necessarily also extended expert discovery to at least

PAGE 9 – OPINION AND ORDER

six weeks after fact discovery closed, consistent with the original discovery schedule. That, however, is not how scheduling orders work. Deadlines are expressly, not impliedly, extended. Indeed, in October 2017 the Court emailed the parties and specifically noted that expert discovery deadlines were not included in the parties' October 2017 stipulated discovery schedule. ECF 121-1. The Court asked whether expert deadlines also should be extended. The parties communicated among themselves, with Defendants' counsel indicating Defendants wanted expert deadlines extended and Plaintiff's counsel objecting unless Defendants provided a specific reason for extending those deadlines. *Id.* The Court entered the scheduling order as the parties originally stipulated—without extending expert discovery. Thus, at the time the Court entered the scheduling order, November 6, 2017, Defendants' counsel knew that the Court and Plaintiff's counsel did not believe that expert discovery deadlines had been extended. Furthermore, even if in November 2017 Defendants' counsel believed that expert discovery had impliedly been extended, on January 30, 2018, Plaintiff's counsel expressly stated that it had not. At that time, Defendants did not seek clarification from the Court or move the Court to extend expert discovery deadlines.

As of January 30, 2018, Defendants knew that expert discovery was closed and their disclosures relating to damages calculations were insufficient. Even so, Defendants never supplemented their disclosures or response to Interrogatory No. 5, as required under Rule 26(e) of the Federal Rules of Civil Procedure. Although the case reported being settled five weeks later, Defendants should have supplemented their disclosure during those five weeks. Additionally, when the parties reported on May 8, 2018, that the settlement was unable to be finalized, Defendants should have supplemented their disclosure. Plaintiff did not file his motion

until June 11, 2018, leaving four weeks for Defendants to supplement their insufficient damages disclosure and interrogatory answer.

Regarding the fact that Defendants produced some documents relating to damages and have some lay witnesses who might testify to damages, the problem with these items meeting Defendants' Rule 26(a) obligation is twofold. First, document production and identification of lay witnesses is not a "computation" that complies with the Rule. *Calvert*, 2015 WL 631284, at *2; *Ishow.com*, 2017 WL 3020927, at *4; *see also Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 WL 902649, at *6 (S.D.N.Y. Mar. 7, 2014) ("Hence, Sherwood's production of documents relating to its damages claims 'cannot excuse [Sherwood] from its separate obligation to disclose a damages computation.'" (quoting *Agence France Presse v. Morel*, 293 F.R.D. 682, 684 (S.D.N.Y. 2013))). Second, Defendants timely did not inform Plaintiff what documents related to damages or identify that lay witnesses (and which ones) would be testifying to damages instead of an expert witness. Instead, Defendants' limited their damages disclosure to the assertion that an expert would provide the necessary computation and testimony and a vague reference to documents of ownership relating the vehicle. This is insufficient under Rule 26(a) and (e).

In their response to the objections to the Magistrate Judge's Opinion and Order, Defendants note that Plaintiff had access to documents from a different litigation that provide some information on Defendants' damages in the pending case. In their response to the motion for sanctions, Defendants identified a handful of documents, most of which were produced in this case, that Defendants assert are relevant to damages. The problem, however, is that Defendants did not identify these documents *to Plaintiff* as being relevant to damages during the discovery period. Plaintiff is not obligated to scour the entirety of Defendants' document production to try to determine what documents might be relevant to damages. Nor is Plaintiff

required to figure out that documents produced in a different lawsuit are relevant to Defendants' damages, even if Plaintiff has access to those documents, as he does here. Rule 26(a)(1)(A)(iii) requires disclosure of damages calculations and identification of the underlying documents.

Similarly, after Defendants identified that damages were going to be disclosed through an expert witness, Defendants never changed that disclosure to lay witnesses. Nor did Defendants specifically identify which lay witnesses would testify about damages. And in disclosing lay witnesses and their relevant information, the information disclosed was not clearly related to damages. For example, one witness was disclosed as working on IT matters, another as working on payroll matters, and another as being a supervisor or superior of Plaintiff. These disclosures are not reasonably related to damages on Defendants' counterclaims, particularly when Defendants specifically stated that damages would be through expert testimony.

Defendants failed to comply with Rule 26(a)(1)(A)(iii). The Court does not find that Defendants' failure to comply with Rule 26(a)(1)(A)(iii) was substantially justified or harmless. *See, e.g.*, *Dayton Valley Inv'rs, LLC v. Union Pacific R. Co.*, 2010 WL 3829219, at *6 (D. Nev. Sept. 24, 2010) ("Multiple courts within the Ninth Circuit have found that the failure to provide a computation of damages or identify the witness who will testify regarding damages within the discovery period is not harmless for purposes of Rule 37(c) precisely because it results in the need to reopen discovery."); *Ketab Corp. v. Mesriani Law Grp.*, 2016 WL 5921767, at *3 (C.D. Cal. Mar. 18, 2016) ("Plaintiff's failure to provide a computation of damages is not harmless precisely because it results in the need to reopen discovery."). Defendants offer no justification, other than the "unique posture" of this case, having settled and then the settlement failing. But Defendants' insufficiency began with the very first disclosure and continued for more than two years from that point. Additionally, the timing of the settlement and its later failure, as discussed

above, provided enough time for Defendants to supplement their initial, insufficient disclosure. If Defendants may now identify the lay witnesses they will rely on for damages, the Court will need to reopen discovery to allow Plaintiff to depose those witnesses. That renders the failure not harmless.

**C. Appropriate Rule 37(c)(1) Sanction**

The Court agrees with Magistrate Judge Papak that dismissing Defendants' counterclaims as a sanction for Defendants' failure to comply with Rule 26(a)(1)(A)(iii) and 26(e) is too harsh. The Court agrees with Plaintiff, however, that application of the "self-executing, automatic" evidentiary exclusion of Rule 37(c)(1) is appropriate. *See Ketab*, 2016 WL 5921767, at *2-3 ("[T]he 'computation' of damages required by Rule 26(a)(1)(C) contemplates some analysis . . . . Plaintiff also does not identify the underlying documents to support any losses claimed . . . . The information provided by Plaintiff is wholly insufficient to enable Defendants to understand the contours of their potential exposure and make informed decisions as to settlement and discovery. . . . For these reasons, the Court GRANTS Defendants Motion In Limine #1 and precludes Plaintiff from introducing evidence of damages."). Defendants failed timely to provide any analysis or computation of damages, identify the documents relating to damages, and supplement their initial disclosures and response to Interrogatory No. 5. Accordingly, the Court excludes all evidence of damages relating to Defendants' counterclaims.

The Court disagrees with Plaintiff's contentions, however, that excluding all evidence of damages requires dismissal of all of Defendants' counterclaims. Defendants also request injunctive relief for some of Plaintiff's alleged acts. Accordingly, Defendants' may continue to pursue their claims for injunctive relief, although there is no right to a jury trial for such claims

and thus they will be tried to the Court.³ *See Ketab*, 2016 WL 5921767, at *3 (precluding evidence of damages but noting that "the only relief remaining is injunctive relief, which is equitable in nature" and that because there is no right to a jury trial for equitable claims the case would be tried to the court).

## CONCLUSION

Plaintiff's Objections to the Magistrate Judge's Order (ECF 120), from which the Court reconsiders the portion of Opinion and Order (ECF 118) resolving Plaintiff's Motion for Sanctions (ECF 99), is GRANTED IN PART. Plaintiff's Motion for Sanctions (ECF 99) is GRANTED IN PART. Defendants are excluded from introducing any and all evidence of damages relating to Defendants' counterclaims. Defendants may, however, pursue their claims for injunctive relief.

**IT IS SO ORDERED.**

DATED this 18th day of October, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

³ Plaintiff may supplement his motion for summary judgment or make a pretrial motion to dismiss specific counterclaims that Plaintiff contends do not involve any claims of injunctive relief.

PAGE 14 – OPINION AND ORDER